United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VIA TECHNOLOGIES INC.,

    Plaintiff,

    v.

SONICBLUE CLAIMS, LLC, et al.,

    Defendants.

_____/

No. C 09-2109 PJH

**ORDER GRANTING MOTION TO DISMISS**

    The motion of defendant SONICBlue Claims LLC ("SBC") for an order dismissing the first cause of action for breach of contract came on for hearing before this court on September 9, 2009. Plaintiff VIA Techlologies, Inc. ("VIA") appeared by its counsel Adam A. Lewis, and SBC appeared by its counsel William H.G. Norman. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion, with LEAVE TO AMEND.

    In the Claim Transfer Agreement ("CTA"), VIA and S3 Graphics Co., Ltd. agreed to "unconditionally sell, convey, assign, transfer, and deliver" to SBC the VIA "Transferred Rights." In consideration, SBC agreed that it would to pay $4 million to VIA; would be entitled to retain all consideration it received "on account of the Transferred Rights" until it had received "cash in an amount equal to the 'Break Even Amount'" – $4 million; would divide any amount it received "on account of the Transferred Rights" over and above the "Break Even Amount" to cover the parties' "Recoverable Costs;" and would divide any excess cash between itself and VIA.

The court finds that the complaint fails to state a claim for breach of contract. Nothing in the CTA expressly allows SBC to sell or transfer the "Transferred Rights" to a third party without consideration, and nothing expressly prohibits it. Nor does the CTA expressly require SBC to compensate VIA above the initial $4 million in the event that SBC receives no consideration "on account of the Transferred Rights." Moreover, the above-described provisions of the contract contain no ambiguous provisions, or provisions susceptible to the interpretation VIA urges, such that the parties should be permitted to submit parol evidence in support of any particular interpretation in connection with a motion to dismiss the breach of contract claim.

At the hearing, however, counsel for VIA urged the court to construe the breach of contract claim as a claim of breach of the implied covenant of good faith and fair dealing. As this claim was not specifically pled in the complaint, and as the parties did not adequately brief the question whether the complaint states a claim for breach of the implied covenant, the court is unwilling to rule on a motion to dismiss such a claim.

The dismissal of the first cause of action is with leave to amend. If VIA wishes to amend the complaint to allege a claim of breach of the implied covenant of good faith and fair dealing, it shall do so no later than October 23, 2009.

**IT IS SO ORDERED.**

Dated:  September 23, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge