UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VIA TECHNOLOGIES, INC.,

    Plaintiff,

    v.

SONICBLUE CLAIMS LLC, et al.,

    Defendants.
_____/

No. C 09-2109 PJH

**ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING IT IN PART, AND DENYING MOTIONS TO STRIKE**

    The motion of plaintiff and counterdefendant VIA Technologies, Inc. ("VIA") for an order dismissing the first amended counterclaim for failure to state a claim, striking the counterclaim pursuant to California Code of Civil Procedure § 425.16, and striking certain allegations came on for hearing before this court on June 9, 2010. VIA appeared by its counsel Douglas Hendricks, and defendant and counterclaimant SONICBlue Claims LLC ("SBC") appeared by its counsel Jeffrey T. Makoff. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion to dismiss in part and DENIES it in part, DENIES the anti-SLAPP motion, and DENIES the motion to strike.

    The present litigation arises from events that occurred in connection with the 2003 bankruptcy of SONICBlue Incorporated ("SONICBlue"). During the course of that bankruptcy case, VIA (a creditor of SONICBlue) and SBC entered into an agreement (the Claims Transfer Agreement or "CTA"), pursuant to which they agreed that VIA would transfer certain claims to SBC, in return for certain consideration. SBC made the initial payment, but VIA asserts that SBC failed to make subsequent payments as agreed.

VIA filed the original complaint in this case on May 14, 2009, against SBC, Ferry Claims LLC ("Ferry"), and Freefall Claims I LLC (Freefall"), and filed the first amended complaint on October 23, 2009, asserting claims of breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent transfer, and promissory fraud. On December 23, 2009, the court granted SBC's motion to dismiss VIA's first cause of action for breach of contract.

SBC filed an answer and counterclaim on January 5, 2010, and filed a first amended counterclaim on January 21, 2010, asserting breach of contract and breach of the implied covenant, and also asserting a claim for declaratory relief.

In the first amended counterclaim, SBC alleges that VIA failed to cooperate with SBC's attempt to prosecute what is referred to as the "Senior Debt Fraud" in the bankruptcy case – specifically, that VIA improperly asserted attorney-client privilege when SBC sought to obtain statements or testimony from VIA's former attorney, Henry Kavane, relative to the settlement of the dispute that gave rise to VIA's claim against SONICBlue ("the Settlement Agreement").

VIA argues that all three claims asserted in the first amended counterclaim must be dismissed for failure to state a claim, and/or because its assertion of attorney-client privilege is protected under the litigation privilege in California Civil Code § 47(b). In the alternative, VIA argues that the claim that it can be liable under any theory for asserting attorney-client privilege and work-product protection in the adversary proceeding in the SBC bankruptcy case is subject to a special motion to strike under California Code of Civil Procedure § 425.16.

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). All allegations of material fact are taken as true. Id. at 94. However, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 558-59. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1950 (2009).

The court finds that the motion to dismiss must be GRANTED in part and DENIED in part. In the first claim, SBC alleges that VIA breached the CTA by asserting privilege with regard to conversations it had with its attorney regarding the negotiation of the Settlement Agreement. However, there is no indication (either express or implied) in the CTA that control over attorney-client communication – particularly as to events that predated the CTA – was transferred by VIA to SBC.

Absent an agreement, SBC has no basis for asserting that such control was transferred. The mere transfer of assets from one entity to another does not transfer the attorney-client privilege. City of Rialto v. U.S. Dept. of Defense, 492 F.Supp. 2d 1193, 1201 (C.D. Cal. 2007); In re Financial Corp. of America, 119 B.R. 728, 736 (C.D. Cal. 1990). Accordingly, the motion to dismiss the first claim is GRANTED.

In the second claim, SBC alleges that VIA breached the implied covenant of good faith and fair dealing by failing to cooperate with SBC in SBC's attempt to "maximize

3

recovery" on the Senior Debt Fraud claims in the bankruptcy case.  The court finds that this claim must be dismissed because it is based on the same faulty premise as the claim for breach of contract – that VIA was required to waive attorney-client privilege.  As there was nothing unlawful about VIA's assertion of the privilege, SBC cannot state a claim for breach of the implied covenant based on VIA's refusal to waive the privilege.  Accordingly, the motion to dismiss the second claim is GRANTED.

In the third claim, SBC seeks a judicial declaration as to whether it breached the implied covenant (as alleged in the first amended complaint); and also seeks a judicial declaration as to whether VIA breached the implied covenant (as alleged in the second claim, above).  VIA argues that this claim should be dismissed because it has no prospective application and because it is superfluous.  The court finds that the motion must be GRANTED in part and DENIED in part.

First, as to the argument that the claim should be dismissed because it has no prospective application, the motion is DENIED.  The argument that a claim for declaratory judgment has only prospective application is relevant only in state court.  Under federal law, declaratory relief is not an independent cause of action, but only a remedy.  28 U.S.C. §§ 2201, 2202; see also North County Commc'ns Corp. v. Verizon Global Networks, Inc., 685 F.Supp. 2d 1112, 1122 (S.D. Cal. 2010).  The Declaratory Judgment Act (DJA) permits a federal court to "declare the rights and other legal relations" of parties to "a case of actual controversy."  28 U.S.C. § 2201; see Wickland Oil Terminals v. Asarco, Inc., 792 F.2d 887, 893 (9th Cir. 1986).

The fact that a plaintiff can bring an independent cause of action for declaratory relief in state court does not mean that such a claim is cognizable in federal court.  For example, where a suit removed to federal court seeks declaratory relief, the fact that it was initially a state proceeding seeking declaratory relief under an equivalent state act is irrelevant, and the court must conduct its analysis under the Declaratory Judgment Act.  See Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 753 (9th Cir. 1996), overruled on other grounds, Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223-24 (9th

4

Cir. 1998).

As to VIA's argument that the claim is superfluous, the motion is GRANTED in part and DENIED in part. The part of the claim seeking a declaratory judgment that VIA beached the implied covenant of good faith and fair dealing is duplicative of the second cause of action in the counterclaim, which asserts a claim of breach of the implied covenant against VIA, and the motion is therefore granted as to that part of the claim. However, the counterclaim seeking a declaratory judgment that SBC did not breach the implied covenant is permissible, as it seeks a ruling based on the controversy existing between the parties based on the second cause of action in the FAC; the motion is therefore denied as to that part of the claim.

With regard to VIA's remaining arguments, the court DENIES the motion to dismiss based on assertion of the litigation privilege in Civil Code § 47(b), as VIA has not sufficiently established that the litigation privilege applies in this case; DENIES the special motion to strike (the anti-SLAPP motion), as VIA has not sufficiently met its burden under the first prong of the anti-SLAPP analysis; and DENIES the motion to strike pursuant to Federal Rule of Civil Procedure 12(f), as unnecessary in light of the ruling on the motion to dismiss.

**IT IS SO ORDERED.**

Dated: June 16, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge