United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VIA TECHNOLOGIES, INC.,

    Plaintiff,

    v.

SONICBLUE CLAIMS, LLC, et al.,

    Defendants.
_____/

No. C 09-2109 PJH

**ORDER GRANTING REQUEST FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b)**

    Before the court is the motion of defendants SonicBlue Claims LLC, Ferry Claims LLC, and Freefall Claims I, LLC, for an order certifying for interlocutory review the court's March 23, 2011, order denying defendants' motion for summary judgment.

    The Ninth Circuit has noted that 28 U.S.C. § 1292(b), which "addresses the situation where a party wishes to appeal an interlocutory order," such as an order pertaining to discovery, denying summary judgment, denying a motion to remand, or decertifying a class, is a departure from the normal rule that only final judgments are appealable, and therefore it must be construed narrowly. James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n. 6 (9th Cir. 2002). A district court may certify an order for interlocutory review pursuant to 28 U.S.C. § 1292(b), but "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982). Even where the district court makes such a certification, the court of appeals nevertheless has the discretion to reject the

interlocutory appeal. James, 283 F.3d at 1068 n.6.

The Ninth Circuit holds interlocutory appeals to a narrow "exceptional circumstances" standard. Id. The party requesting the certification must satisfy certain requirements to justify interlocutory review under § 1292(b). Couch v. Telescope, 611 F.3d 629, 633 (9th Cir. 2010). These requirements are that there be a controlling question of law, that there be substantial grounds for difference of opinion, and that an immediate appeal may materially advance the ultimate termination of the litigation. In re Cement, 673 F.2d at 1026.

An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." Id. at 1026 (citation and quotation omitted). "Although resolution of the issue need not necessarily terminate an action in order to be 'controlling,' . . . it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action." Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (1990).

Second, there must be "substantial ground for difference of opinion" on the issue. 28 U.S.C. § 1292(b). A substantial ground for difference of opinion is not established by a party's strong disagreement with the court's ruling; the party seeking an appeal must make some greater showing. Mateo v. M/S Kiso, 805 F.Supp. 792, 800 (N.D. Cal. 1992), abrogated on other grounds by Brockmeyer v. May, 361 F.3d 1222, 1226-27 (9th Cir. 2004). Substantial grounds for a difference of opinion required to certify an order for interlocutory review arise when an issue involves one or more difficult and pivotal questions of law not settled by controlling authority. See 28 U.S.C. § 1292(b).

The third requirement – that the appeal be likely to materially speed the termination of the litigation – is linked to the question whether an issue of law is "controlling," in that the district court should consider the effect of a reversal on the management of the case. Mateo, 805 F.Supp. at 800 (citing In re Cement, 673 F.2d at 1026). If, on the other hand, an interlocutory appeal would delay resolution of the litigation, it should not be certified. See Shurance v. Planning Control Int'l, Inc., 839 F.2d 1347, 1348 (9th Cir. 1988).

Defendants seek certification of the following question: Whether the October 24, 2008 Plan Confirmation Order or the December 1, 2008 Plan Distribution Order entered by the United States Bankruptcy Court for the Northern District of California in Case No. 03-51775 MM, is res judicata of the claims of plaintiff VIA Technologies, Inc. in the present action.[1]

The court finds that this issue is "controlling" and that a reversal by the Court of Appeal would materially speed the termination of the litigation, because resolution of the issue in defendants' favor would leave nothing further for decision in the case. There are also substantial grounds for difference of opinion, as the court was unable to locate any definitive authority that answered the exact question raised by the res judicata defense.

Accordingly, defendants' motion is GRANTED. The date for the hearing on defendants' motion, previously set for June 22, 2011, is VACATED.

This action is hereby STAYED pending further action by the Court of Appeal.

**IT IS SO ORDERED.**

Dated: June 17, 2011

PHYLLIS J. HAMILTON
United States District Judge

---

[1] The court notes that defendants did not clearly argue in their motions for summary judgment that the December 1, 2008 Plan Distribution Order had claims preclusive effect on VIA's claims (although they did mention that order in passing), and that for that reason, the court's March 23, 2011 order did not focus on the December 1, 2008 order. However, they did argue that VIA's claims were barred by the October 24, 2008 Plan Confirmation Order.

3